UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BENJAMIN A. ROSSIGNOL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14-cr-00033-JAW |
| | ) | 1:18-cv-00133-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Benjamin A. Rossignol moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 60.) Following a guilty plea, Petitioner was convicted of transporting or shipping child pornography and of possession of child pornography; the Court sentenced Petitioner to 240 months in prison on the transportation charge, and to a consecutive 24 months on the possession charge. (Judgment, ECF No. 40 at 1-2.) The First Circuit affirmed the sentence on appeal. *United States v. Rossignol*, No. 14-2176 (1st Cir. Aug. 28, 2015).

Petitioner contends he is entitled to relief following *Nelson v. Colorado*, --- U.S. ---, 137 S. Ct. 1249 (2017). (Motion at 4.) Petitioner argues that under *Nelson*, he should not have been subject to a sentencing enhancement for uncharged conduct.[1] (Motion at 4.)

---

[1] In Petitioner's section 2255 motion, he also sought relief from certain conditions of his supervised release, but he subsequently withdrew all that claim. (Motion at 5; Reply, ECF No. 65 at 2.)

The Government maintains Petitioner's motion is barred by the applicable statute of limitations set forth in 28 U.S.C. § 2255(f). (Response, ECF No. 64 at 1.) The Government thus seeks summary dismissal of Petitioner's motion.

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 2014, Petitioner was indicted for transporting child pornography, 18 U.S.C. §§ 2252A(a)(1), 2256(8)(A) (Count 1); and for possession of child pornography, 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), 2256(8)(A). (Indictment, ECF No. 5 at 1-2.) Following his guilty plea in May 2014, Petitioner was sentenced in October 2014. (Plea Tr., ECF No. 54 at 1; Sentencing Tr., ECF No. 51 at 1.) At sentencing, the Court found, as part of its guidelines calculations, a five-level increase in the offense level, based on a pattern of activity, pursuant to USSG § 2G2.2(b)(5). (Sentencing Tr. at 24.)

Petitioner filed a notice of appeal. (Notice, ECF No. 46.) Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), accompanied by a motion to withdraw; the First Circuit concluded there was "no non-frivolous basis for appeal," and it therefore granted counsel's motion to withdraw and summarily affirmed the judgment. *Rossignol*, No. 14-2176 (1st Cir. Aug. 28, 2015).

Petitioner asserts he placed his section 2255 motion in the prison mailing system on March 18, 2018. (Motion at 12.)

2

The Government has moved for summary dismissal citing Petitioner's failure to file the section 2255 motion within the limitation period set forth in 28 U.S.C. § 2255(f). The Government argues that Petitioner clearly filed the motion after the expiration of the one-year limitation period, and that Petitioner cannot point to any facts that would support a finding that the limitation period had been tolled.[2] (Response, ECF No.64 at 2-4.)

## II. DISCUSSION

Petitioner contends that *Nelson* should be applied retroactively, and that it entitles him to relief because, under *Nelson*, the Court's finding of a five-level increase in the offense level for a pattern of activity, pursuant to USSG § 2G2.2(b)(5), penalizes Petitioner for uncharged conduct in violation of his right to due process. (Motion at 4; Reply at 1-2.) Petitioner's section 2255 motion is not timely under any of the provisions of section 2255(f). Title 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of −
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Government requests leave to file a supplemental response if the Court does not deny the claim based on the statute of limitations defense. (Response, ECF No. 64 at 2.)

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Pursuant to subsection 2255(f)(1), Petitioner was required to file his motion within one year of the final judgment. In this case, the judgment became final following the expiration of the 90-day period within which Petitioner could have filed, but did not file, a certiorari petition with the United States Supreme Court following the First Circuit's decision on his appeal. *See* Sup. Ct. R. 13 (certiorari petition must be filed within 90 days after entry of judgment); *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (noting that if a federal prisoner does not seek review in the Supreme Court, the conviction is final when "'the time for filing a certiorari petition expires'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The limitation period began to run on November 26, 2015, which was 90 days after the August 28, 2015, entry of the First Circuit's judgment in Petitioner's appeal, and it expired one year later, *i.e.*, before the motion was signed or filed. Petitioner's motion, therefore, was not filed within one year of the final judgment. Petitioner's motion is not timely under subsection 2255(f)(2) or (f)(4), given that Petitioner has not alleged the Government created an impediment to the filing of a motion, or that he has recently discovered facts that support a claim.[3]

---

[3] Petitioner is also not entitled to the benefit of the doctrine of equitable tolling. The First Circuit has held "that section 2255(f) is non-jurisdictional," and that the one-year limitation period "is subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011). A petitioner has the burden to establish equitable tolling; "[t]o carry this burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 323 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)

4

Because Petitioner cites the Supreme Court's 2017 decision in *Nelson* as the basis for his motion, Petitioner evidently believes that he timely filed his motion in accordance with subsection 2255(f)(3). (Motion at 4; Reply at 1.) Petitioner's claim fails under subsection 2255(f)(3), however, because even if the Court were to assume that *Nelson* applies retroactively to an initial petitioner under section 2255,[4] the Court's holding in *Nelson* does not support Petitioner's substantive claim for relief.

In *Nelson*, the Supreme Court held that a Colorado law that provided for the State's retention of "conviction-related assessments unless and until the prevailing defendant institutes a discrete civil proceeding and proves her innocence by clear and convincing evidence . . . offends the Fourteenth Amendment's guarantee of due process." 137 S. Ct. at 1252. The Supreme Court did not decide or address the issue Petitioner raises,

---

(quotation marks omitted)); *Barreto-Barreto v. United States*, 551 F.3d 95, 101 (1st Cir. 2008) (noting that equitable tolling is not available when a petitioner failed to exercise due diligence).

Petitioner contends that during the one-year limitation period, he had limited time to access legal materials, and he was delayed in filing his section 2255 motion because counsel misadvised him as to whether the Court could consider prior uncharged conduct. (Reply, ECF No. 65 at 1.) Limited access to the prison law library does not amount to extraordinary circumstances for purposes of equitable tolling. *See Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) ("If we tolled [the] limitation period every time a prisoner with no legal training had his library time strictly regulated, § 2244(d) might as well not exist; few prisoners are lawyers, and few prisons offer their occupants unfettered library access."); *Ramos-Martínez*, 638 F.3d at 321 (noting that "section 2255(f)'s limitations period is couched in language virtually identical to that of section 2244(d)"); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (noting that a petitioner's misunderstanding of the law does not in itself warrant tolling the limitation period). As explained below, Petitioner's underlying contention that the Court may not consider uncharged conduct at sentencing lacks merit; therefore, Petitioner's allegation that he delayed his filing due to inaccurate advice from counsel also fails.

[4] In *Butterworth v. United States*, 775 F.3d 459 (1st Cir. 2015), the First Circuit concluded that on initial petitions for collateral review, district and appellate courts could issue opinions that hold "in the first instance that a new rule is retroactive in the absence of a specific finding to that effect by the Supreme Court." 775 F.3d at 464. Because *Nelson* does not apply to Petitioner's claim, there is no need to address whether *Nelson* should apply retroactively.

5

*i.e.*, whether it is a violation of due process to enhance a sentence based on unconvicted or uncharged conduct.[5] In fact, *Nelson* does not alter well-settled precedent that a sentencing court's use of relevant uncharged conduct does not violate due process:

> The Supreme Court has held that the guidelines' grant of discretion to sentencing judges to consider a defendant's other relevant conduct, including uncharged or unconvicted conduct, is consistent with both the Sentencing Reform Act and principles of due process, provided that the underlying facts are found by a preponderance of the evidence. *United States v. Watts,* [519 U.S. 148, 153–56] (1997). It follows that there is no comparable statutory or constitutional impediment to considering a specific category of "relevant conduct" . . . .

*United States v. Gaffney-Kessell*, 772 F.3d 97, 101 (1st Cir. 2014) (concluding the sentencing court may take into account unconvicted sexual conduct under USSG § 4B1.5(b)). In *United States v. Cox*, 851 F.3d 113 (1st Cir. 2017), the First Circuit noted: "[W]e have previously considered, and rejected, arguments that the Fifth Amendment's Due Process Clause and the Sixth Amendment right to a jury trial prohibit the finding of sentencing facts by a preponderance of the evidence." 851 F.3d at 120 (citing, *inter alia*, *Watts*, 519 U.S. at 156; *United States v. Munyenyezi*, 781 F.3d 532, 544 (1st Cir. 2015) ("[A] judge can find facts for sentencing purposes by a preponderance of

---

[5] It appears the Fourth Circuit rejected an argument similar to Petitioner's in *United States v. Stanback*, Nos. 17-4687, 17-4688, --- F. App'x ---, 2018 WL 3006339, at *2 n.2, 2018 U.S. App. Lexis, 16144, at *3 n.2 (4th Cir. June 15, 2018) (concluding a career offender challenge under *Nelson* was "unavailing"). District courts in other jurisdictions have concluded *Nelson* did not overrule *United States v. Watts,* 519 U.S. 148 (1997). In *United States v. Tegeler*, No. 4:14-cr-03091-JMG-CRZ, --- F. Supp.3d ---, 2018 WL 1954200, 2018 U.S. Dist. Lexis 65439 (D. Neb. Apr. 16, 2018), the court concluded that "*Nelson* simply has no bearing" on a due process claim that the defendant was sentenced based on uncharged misconduct. 2018 WL 1954200, at *2, 2018 U.S. Dist. Lexis 65439, at *6-7 (discussing *Miller v. United States*, No. 2:09-cr-20031-CM, 2018 WL 1693372, 2018 U.S. Dist. Lexis 58677 (D. Kan. Apr. 5, 2018); and citing *Wood v. United States*, No. 2:93-cr-00090-RBS-3, 2018 WL 793608, 2018 U.S. Dist. Lexis 21433 (E.D. Va. Feb. 8, 2018)).

the evidence, so long as those facts do not affect either the statutory minimum or the statutory maximum.") (citations omitted)).[6] Petitioner thus cannot rely on *Nelson* to support the argument that his section 2255 motion is timely under section 2255(f)(3).

In short, Petitioner's motion was not filed within the applicable limitation period set forth in 28 U.S.C. § 2255(f). Petitioner, therefore, cannot prevail on his claim.[7]

### III. CONCLUSION

Based on the foregoing analysis, I recommend the Court find that an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[6] In Petitioner's case, the sentencing facts did not cause the sentence to exceed the statutory maximum of 20 years on either Count 1, 18 U.S.C. § 2252A(b)(1); or Count 2, 18 U.S.C. § 2252A(b)(2).

[7] Because *Nelson* did not change the basic principle that a sentencing court can use relevant uncharged conduct, Petitioner's due process claim would fail on the merits even if the claim were construed to have been filed within the applicable limitation period. *See Tegeler*, 2018 WL 1954200, at *3; 2018 U.S. Dist. Lexis 65439, at *8 (concluding, among other things, that the defendant's due process claim failed on the merits, because "uncharged relevant conduct may be used to enhance a sentence imposed within statutory limits") (citing, *inter alia*, *Edwards v. United States*, 523 U.S. 511 (1998)).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of July, 2018.