UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00033-JAW-1 |
| | ) | |
| BENJAMIN ROSSIGNOL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS TO ORDER ON MOTION FOR APPOINTMENT OF ATTORNEY**

The Court overrules and dismisses an incarcerated defendant's objections to a magistrate judge's order denying his motion for appointment of counsel to seek post-conviction relief.

**I.    BACKGROUND**

On March 19, 2024, a federal grand jury indicted Benjamin Rossignol for transportation of child pornography and possession of child pornography, violations of 18 U.S.C. § 2252A(a)(1) and § 2252A(b)(2). *Indictment* (ECF No. 5). On May 8, 2014, Mr. Rossignol pleaded guilty to both charges. *Min. Entry* (ECF No. 28). On October 27, 2014, this Court sentenced him to 240 months of incarceration on Count One, the transportation charge, and 24 months to be served consecutively to Count One, on Court Two, the possession charge. *J.* (ECF No. 40). Mr. Rossignol filed a timely notice of appeal; on August 25, 2015, the Court of Appeals for the First Circuit dismissed the appeal on the ground that there was no non-frivolous basis for appeal. *First Notice of Appeal* (ECF No. 42); *J.* (ECF No. 52).

On March 26, 2018, Mr. Rossignol filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, *Mot. Under 28 U.S.C. § 2255 to Vacate, Set*

*Aside, or Correct Sentence by a Person in Fed. Custody* (ECF No. 60), and on January 16, 2019, the Court affirmed a recommended decision, dismissing his habeas corpus petition. *Order Affirming the Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 69).

On February 20, 2024, Mr. Rossignol, acting pro se, filed a motion for reduction of sentence. *Mot. for Reduction of Sentence* (ECF No. 70). In the motion, Mr. Rossignol requests that the Court reduce his sentence from 264 months to 204 months. *Id.* at 1. Mr. Rossignol bases his request on his declining health, the Bureau of Prisons' alleged failure to properly treat his medical conditions, allegations of repeated physical and mental abuse by one of the Corrections Officers at FCI Ray Brook, the condition of his aging mother, and his plan of release. *Id.* at 1-7.

On March 14, 2024, Mr. Rossignol filed a motion for appointment of counsel. *Mot. for Appointment of Counsel* (ECF No. 75) (*Def.'s Counsel Mot.*).[1] Mr. Rossignol's motion consisted of only one sentence: "I am requesting the appointment of a lawyer to assist with coordinating the other requested representatives." *Id.* at 2. On April 5, 2024, the Government filed a response, taking no position on Mr. Rossignol's request for appointed counsel but citing caselaw where similar motions have been denied. *Gov't's Resp. to Def.'s Mot. for Appointment of Counsel* (ECF No. 77).

---

[1] In his motion, Mr. Rossignol also asked that the Court appoint an independent medical examiner and authorize the hiring of a private investigator. *Def.'s Counsel Mot.* at 1-2. In his order, the Magistrate Judge rejected these requests as being without legal or factual bases. *Order on Mot. to Appoint Counsel* at 2 n.1 (ECF No. 80). Mr. Rossignol has not objected to this aspect of the Magistrate Judge's order, and the Court accordingly has not addressed those requests in this order.

On April 10, 2024, the Magistrate Judge issued an order, denying Mr. Rossignol's motion for appointed counsel. *Order on Mot. to Appoint Counsel* (ECF No. 80). The Magistrate Judge wrote that he had reviewed relevant statutes, caselaw, and Mr. Rossignol's motion, *id.* at 1-2, and declined to appoint counsel because the Court "cannot conclude that Defendant is likely to prevail on this motion." *Id.* at 2.

On April 22, 2024, Mr. Rossignol filed an objection to the Magistrate Judge's order. *Obj. to Order on Mot. to Appoint Counsel (Doc. # 80)* (ECF No. 82). In his objection, Mr. Rossignol cited 18 U.S.C. §§ 3006A(a), 3006(a)(1)(E), and 3006(a)(1)(I) as authority for his request. *Id.* at 1. On May 3, 2024, the Government responded to Mr. Rossignol's objection by referring to its April 5, 2024 response. *See Gov't's Resp. to Def.'s Obj. to the Magistrate Judge's Order* at 1 (ECF No. 84).

On May 3, 2024, Mr. Rossignol filed an amended objection to the Magistrate Judge's order. *Am. Obj. to [ECF 80] ORDER denying without prejudice [ECF 75] Mot. to appoint counsel* (ECF No. 86). In the amended objection, Mr. Rossignol contends that *United States v. Mala*, 7 F.3d 1058 (1st Cir. 1993), a case cited by the Magistrate Judge, does not apply to his motion because it is limited to constitutional claims, and he is not asserting a constitutional claim. *Id.* at 1. Instead, Mr. Rossignol asserts he is seeking relief under 18 U.S.C. § 3582, and that § 3582 motions are not a mechanism for constitutional claims. *Id.* Mr. Rossignol also contends he is covered by § 3006A(a)(1)(E) because his motion for relief may affect his supervised release. *Id.* at 2. Mr. Rossignol says that under § 3582(d), Congress stipulated a requirement that the defendant's attorney be notified, which Mr. Rossignol claims suggests that

3

Congress intended defendants be represented on a reduction of sentence motion. *Id.* On May 6, 2024, the Government filed a response to Mr. Rossignol's amended objection and reiterated its prior position. *Gov't's Resp. to Def.'s Am. Obj. to the Magistrate Judge's Order* (ECF No. 88).

## II.   DISCUSSION

The Court concludes that the Magistrate Judge did not err in denying Mr. Rossignol's motion for appointed counsel. In his amended objection, Mr. Rossignol clarifies that he is proceeding under 18 U.S.C. § 3582(d). Section 3582(d) exclusively addresses what is called a "terminal illness," defined as "a disease or condition with an end-of-life trajectory." 18 U.S.C. § 3582(d)(1). United States Sentencing Guideline § 1B1.13(b)(1)(A) gives examples of terminal illnesses, including "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." Mr. Rossignol's listed conditions, "elevated A1C, and weight, chronic joint and skin inflammation, and permanent partial loss of taste and smell" caused by COVID-19, do not fit within the definition of terminal illness under § 3582(d)(1) and U.S.S.G. § 1B1.13(b)(1)(A). Thus, the Magistrate Judge was correct in concluding that Mr. Rossignol's motion is unlikely to be successful under § 3582(d) and therefore he is not entitled to appointment of counsel.

Similarly, Mr. Rossignol's allegations of physical and mental abuse do not fit within U.S.S.G. § 1B1.13(b)(4), which requires that an allegation of abuse "be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are

4

unduly delayed or the defendant is in imminent danger." Mr. Rossignol's allegations of abuse have not been established by any of these means nor is there an allegation of undue delay. Further, he alleged that the abuse occurred at FCI Ray Brook and he is currently incarcerated at Fort Dix, so there is no allegation that he is in imminent danger.

Finally, the Court disagrees with Mr. Rossignol that 18 U.S.C. § 3006A(a) applies to his case and that he has the right to counsel in his post-conviction proceeding. In general, § 3006A(a) addresses the right to counsel from initial appearance through appeal. Mr. Rossignol, however, has long since been convicted and sentenced and now seeks counsel post-appeal, but "[t]here is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019), including "a motion for a reduced sentence." *United States v. Ringer*, No. 1:18-cr-00182-LEW, 2023 U.S. Dist. LEXIS 188656, at *1 (D. Me. Oct. 20, 2023) (citing *United States v. Gutierrez*, No. 06-40043-FDS-2, 2020 U.S. Dist. LEXIS 59049, at *4 (D. Mass. Apr. 3, 2020)). "When determining whether an indigent defendant is entitled to counsel on a post-conviction motion, courts often look to the three-part test for whether to provide court-appointed counsel in the analogous habeas corpus context." *United States v. Tilley*, No. 1:19-cr-00086-LEW, 2022 U.S. Dist. LEXIS 57051, at *1-2 (D. Me. Mar. 29, 2022); *see United States v. Pinkham*, No. 2:15-cr-00128-JDL, 2020 U.S. Dist. LEXIS 243765, at *5 (D. Me. Dec. 29, 2020); *Mala*, 7 F.3d at 1063-64. The Court concurs with the Magistrate Judge that the *Mala* factors militate against the appointment of counsel.

Taken together, none of Mr. Rossignol's objections demonstrates that the Magistrate Judge's order denying the motion for appointed counsel is either contrary to law or clearly erroneous. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CRIM. P. 59(a).

### III. CONCLUSION

The Court OVERRULES and DISMISSES without prejudice Benjamin A. Rossignol's Objection to Order on Motion to Appoint Counsel (Doc. # 80) (ECF No. 82) and his Amended Objection to [ECF 80] ORDER denying without prejudice [ECF 75] Mot. to appoint counsel (ECF No. 86).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2024