UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 1:14-cr-00033-JAW-1 |
| | ) |
| BENJAMIN ROSSIGNOL, | ) |
| | ) |

**ORDER ON MOTION FOR RECONSIDERATION**

The court denies an incarcerated defendant's motion for reconsideration of an order dismissing his motion for compassionate release because he has not established the order contained a manifest error of law or fact.

I.     **BACKGROUND**

On March 19, 2014, a federal grand jury indicted Benjamin A. Rossignol for transportation of child pornography and possession of child pornography, violations of 18 U.S.C. § 2252A(a)(1) and § 2252A(a)(5), respectively. *Indictment* (ECF No. 5). Mr. Rossignol pleaded guilty to both charges on May 8, 2014. *Min. Entry* (ECF No. 28). On October 27, 2014, this Court sentenced him to 240 months of incarceration on Count One, the transportation charge, and 24 months on Count Two, the possession charge, to be served consecutively; twenty years of supervised release; and a $200 special assessment. *Min. Entry* (ECF No. 37); *J.* (ECF No. 40). Mr. Rossignol filed a timely notice of appeal; on August 28, 2015, the Court of Appeals for the First Circuit dismissed the appeal on the ground that there was no non-frivolous basis for

appeal and granted counsel's motion to withdraw, summarily affirming the judgment. *First Notice of Appeal* (ECF No. 42); *J.* (ECF No. 55).[1]

Mr. Rossignol subsequently filed a motion for sentence reduction on February 20, 2024, *Mot. for Reduction of Sentence* (ECF No. 70) (*Def.'s Sentence Reduction Mot.*), followed by a request for *Brady* materials to support his motion. *Req. for Brady Materials* (ECF No. 83). Mr. Rossignol's compassionate release motion asked the Court to reduce his term of incarceration from 264 to 204 months due to the allegedly extraordinary and compelling reasons of his aging mother's declining health, his own medical conditions, and allegations of repeated physical and mental abuse by a corrections officer at FCI Ray Brook. *Def.'s Sentence Reduction Mot.* at 1-7. On January 13, 2025, the Court issued an order dismissing Mr. Rossignol's request for *Brady* materials post-conviction and his compassionate release motion, the latter on the ground that his request for release was unripe because the Defendant moved the Court to issue an order in January 2025 stating that he shall be released in approximately August 2027 and the Court thus lacked subject-matter jurisdiction to rule on his request. *Order on Req. for Brady Materials and Mot. for Sentence Reduction* at 21 (ECF No. 103) (*Order*).

On February 3, 2025, Mr. Rossignol moved for the Court to reconsider its dismissal of his compassionate release motion. *Mot. for Recons. Regarding the Ct.'s Order to Dismiss without Prejudice My Mot. for Reduction in Sentence* (ECF No. 104)

---

[1] Although not relevant to the issues in Mr. Rossignol's motions, to be accurate, Mr. Rossignol filed two appeals: one on November 5, 2014, *Notice of Appeal* (ECF No. 42), and a second on November 10, 2014. *Notice of Appeal* (ECF No. 46). On February 17, 2015, the Court of Appeals for the First Circuit dismissed the second appeal as duplicative. *J.* (ECF No. 52).

(*Def.'s Mot. for Recons.*).  The Government responded in opposition on February 24, 2025.  *Gov't's Resp. in Opp'n to Def.'s Mot. for Recons.* (ECF No. 105) (*Gov't's Opp'n*).

## II.  THE PARTIES' POSITIONS

### A.  The Defendant's Motion for Reconsideration

In his motion for reconsideration, Mr. Rossignol asks the Court to reconsider its dismissal of his motion for compassionate release because he "believe[s] the Court came to the wrong conclusion either by mistake or misunderstanding." *Def.'s Mot. for Recons.* at 1.  He raises several "key points" in support: (1) "[t]he law doesn't require that a defendant be seeking immediate release"; (2) "[t]he court failed to give consideration to the nuances of how the BOP administers it[]s programs"; (3) "[t]he court says it can't attempt to predict the future[;] however, that is what the court does every[ ]time it sentences a defendant"; and (4) "[t]he court claims that an immediate release would be against my wishes because it would prevent me from participating in the BOP's sex offender treatment program, but to dismiss the motion also prevents me from participating in the program which is also against my wishes." *Id.*  Finally, Mr. Rossignol says that his "ultimate goal" is to "live a healthy[,] law abiding life and assist my aging mother," and contends "[i]t is in the best interest of the public for me to succeed at this." *Id.* at 2.

### B.  The Government's Opposition

The Government urges the Court to deny the Defendant's motion for reconsideration for "fail[ing] to raise grounds that warrant relief." *Gov't's Opp'n* at 1.  After discussing caselaw from the United States Supreme Court and the First Circuit

3

Court of Appeals which establish the limited circumstances in which a district court may grant a motion for reconsideration, the Government argues Mr. Rossignol's motion should be denied because has not presented any newly discovered evidence or caselaw in support of his motion, nor can he establish that the Court's challenged order is plainly wrong or unjust. *Id.* at 2-3 (collecting cases). "Simply disagreeing with the Court or renewing failed legal arguments are not grounds to ask the Court to reconsider its Order of dismissal," the Government says. *Id.* at 3.

Next, the Government argues the Court correctly ruled that Mr. Rossignol's motion was unripe and, thus, dismissal for lack of jurisdiction was required. *Id.* Even if Mr. Rossignol's motion was ripe, the Government maintains dismissal of his motion would still have been proper on the merits as Mr. Rossignol has not established an extraordinary and compelling reason within the meaning of 18 U.S.C. § 3553(c)(1)(A) and the 18 U.S.C. § 3553(a) factors weigh strongly against his early release. *Id.* at 4.

### III. LEGAL STANDARD

A motion for reconsideration of an interlocutory order is available under District of Maine Local Rule 7(f), but a court may only grant such a motion based upon a "manifest error of fact or law." D. ME. LOC. R. 7(f). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022); *accord Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously

4

advanced and rejected"). "To prevail on such a motion, 'a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).

## IV. DISCUSSION

Mr. Rossignol moves the Court to reconsider its dismissal of his motion for compassionate release because he "believe[s] the Court came to the wrong conclusion either by mistake or misunderstanding," arguing (1) "[t]he law doesn't require that a defendant be seeking immediate release"; (2) "[t]he court failed to give consideration to the nuances of how the BOP administers it[]s programs"; (3) "[t]he court says it can't attempt to predict the future[;] however, that is what the court does every[ ]time it sentences a defendant"; and (4) "[t]he court claims that an immediate release would be against my wishes because it would prevent me from participating in the BOP's sex offender treatment program, but to dismiss the motion also prevents me from participating in the program which is also against my wishes." *Def.'s Mot. for Recons.* at 1.

The Court denies Mr. Rossignol's motion for reconsideration because he has not provided information to convince the Court that it committed a "manifest error of law or fact" in its order dismissing his compassionate release motion. *Caribbean Mgmt. Grp., Inc.*, 966 F.3d at 44-45. To the contrary, as the Court explained in detail

5

in its order, it is black-letter law that a court may not act in the absence of jurisdiction, and a motion that is unripe for adjudication falls outside a federal court's subject matter jurisdiction. *Order* at 20-25. The Court now restates that the ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hosp. Ass'n v. Dep't of the Interior*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)). Courts developed the ripeness doctrine "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements" when those disagreements are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (citations omitted).

In its order, the Court stated that, as the moving party, Mr. Rossignol bore the burden of demonstrating his compassionate release motion was ripe, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and that he needed to do make such a showing "not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump v. New York*, 592 U.S. 125, 131 (2020) (per curiam) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). The Court explained further that ripeness has two core elements, fitness and hardship, *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir. 1995), before concluding that Mr. Rossignol's request for an immediate order granting a sentence reduction but resulting in his future early release satisfied neither prong. *See Order*

at 22-24. The Court thus determined it lacked the requisite jurisdiction to rule on Mr. Rossignol's motion. *Id.* at 25.

Mr. Rossignol's statement that he "believe[s] the Court came to the wrong conclusion either by mistake or misunderstanding," because (1) "[t]he law doesn't require that a defendant be seeking immediate release," *Def.'s Mot. for Recons.* at 1, does not convince the Court otherwise. He cites no caselaw in support of this proposition, and, as the Court explained in its order on his motion for sentence reduction and again in this order, well-established legal precedent instructs that the opposite is true. As the Court noted in its order, this authority includes a very similar case, *United States v. Kilmartin*, No. 1:14-cv-00129-JAW, 2024 U.S. Dist. LEXIS 85532 (D. Me. May 13, 2024), in which the Court dismissed a motion for compassionate release on ripeness grounds where the inmate serving a twenty-five-year sentence asked to be released in six-and-a-half years. *Order* at 25. As Mr. Rossignol is asking for similar future relief, he presents no reason that the Court should not apply *Kilmartin* to his case.

The Court now dismisses Mr. Rossignol's motion for reconsideration, concluding he has not "'demonstrate[d] either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc.*, 966 F.3d at 44-45.

7

## V. CONCLUSION

The Court DISMISSES without prejudice Benjamin Rossignol's Motion for Reconsideration Regarding the Court's Order to Dismiss without Prejudice My Motion for Reduction in Sentence (ECF No. 104).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2025